IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETER ARCOS, § | | |
|    Plaintiff § | | |
| § | | |
| v. § | Civil Action No. 5:17-cv-01004 | |
| § | | |
| LIBERTY MUTUAL INSURANCE § | | |
| COMPANY, § | | |
|    Defendant § | | |

**DEFENDANT LIBERTY INSURANCE CORPORATION'S
NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Liberty Insurance Corporation (improperly named as Liberty Mutual Insurance Company) ("Liberty") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

*Procedural Background*

1.  On August 14, 2017, Plaintiff Peter Arcos filed his Original Petition ("Original Petition") styled Cause No. 2017CI15005; *Peter Arcos v. Liberty Mutual Insurance Company,* in the 408th District Court, Bexar County, Texas.  Defendant Liberty ("Liberty") was served with citation on September 11, 2017.

*Nature of the Suit*

2.  This lawsuit involves a dispute over Defendant's handling of Plaintiff's insurance claim for damages from a wind/hail storm allegedly sustained by his residential property: 11510 Sandman Street, San Antonio, Texas 78216, Bexar County, Texas.  Plaintiff asserts causes of

action against Liberty for breach of the insurance contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.

*Basis for Removal*

3.   Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.   There is complete diversity of citizenship between the parties.  At the time Plaintiff filed his Original Petition in District Court on August 14, 2017, and as of the date of filing this Notice, Liberty was and is a company organized under the laws of the State of Illinois whose principal place of business is 175 Berkeley Street, Boston, Massachusetts.  Accordingly, at the time Plaintiff initially filed this suit, and through the filing of this Notice, Defendant Liberty is not a citizen of the State of Texas for diversity jurisdiction purposes.[1]

5.   Upon information and belief, Plaintiff was a citizen of Texas when his Petition was filed, and continues to be a citizen of Texas.

6.   Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees,... penalties, statutory damages, and punitive damages."[2]  Here, Plaintiff claims that a wind/hail storm caused

---

[1] *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, Ltd. Liability Corp.*, 757 F.23d 481, 483 (5th Cir. 2014) ("For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. *Id.;* 28 U.S.C. § 1332(c)(1) ('[A] corporation shall be deemed to be a citizen of every State and foreign state *by which it has been incorporated* and of the State or foreign state where it has its principal place of business.' (emphasis added)).")

[2] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers*

damages to his property that Plaintiff insured through Liberty.[3]  Plaintiff seeks damages for Liberty's refusal to fully compensate Plaintiff under the terms of his insurance contract.[4]  The Policy at issue is a Texas Homeowner's Policy with coverage limits of $318,000 for the dwelling, $31,830 for other structures, $190,980 for the contents, and $63,600 for the loss of use of the insured location.

7.  In addition, Plaintiff seeks statutory penalties and treble damages under the Texas Insurance Code.[5]  For breach of the duty of good faith and fair dealing, Plaintiff seeks compensatory damages, losses due to nonpayment of the amount owed, and exemplary damages.[6]  Plaintiff also seeks attorney fees for bringing this suit.[7]  Thus, given the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.  Plaintiff specifically states that he is seeking damages in excess of the federal jurisdictional minimum:  "Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000."[8]

8.  Based on the Policy's coverage limits, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.

---

*Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.,* 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).
[3] *See* Exhibit A, Plaintiff's Original Petition at pages 2.
[4] *See* Exhibit A, Plaintiff's Original Petition at pages 3.
[5] *See* Exhibit A, Plaintiff's Original Petition at page 6-7.
[6] *See* Exhibit A, Plaintiff's Original Petition at page 9.
[7] *See* Exhibit A, Plaintiff's Original Petition at page 8-9.
[8] *See* Exhibit A, Plaintiff's Original Petition at page 11.

*The Removal is Procedurally Correct*

9. Liberty was first served with Plaintiff's Original Petition in District Court on September 11, 2017. Therefore, Liberty filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

12. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

13. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

14. Pursuant to 28 U.S.C. §1446(d), promptly after Liberty files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

15. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 408th Judicial District for Bexar County, Texas, promptly after Liberty files this Notice.

WHEREFORE, Defendant Liberty Insurance Corporation (improperly named as Liberty Mutual Insurance Company) requests that this action be removed from the 408th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Carol A. Jenson
State Bar No. 1648500
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
cjenson@lstlaw.com

*Counsel for Defendant Liberty Insurance Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant Liberty Insurance Corporation's Notice of Removal was served by facsimile and/or electronic service on the 6th day of October, 2017, upon the following counsel of record:

Brennan M. Kucera
KETTERMAN ROWLAND & WESLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Fax: 210-490-8372
brennan@krwlawyers.com

_____
David R. Stephens